[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22 2001
THOMAS K. KAHN
CLERK

_____

No. 99-13381

_____

D.C. Docket No. 95-01212-CV-A-N

JACQUELINE TURNER, on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

versus

BENEFICIAL CORPORATION, BENEFICIAL NATIONAL BANK, U.S.A.,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(February 22, 2001)**

Before ANDERSON, Chief Judge, TJOFLAT, EDMONDSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.

BARKETT, Circuit Judge:

**ON SUA SPONTE REHEARING EN BANC**

Jacqueline Turner brought this interlocutory appeal, pursuant to Federal Rule of Civil Procedure 23(f), from the denial of class certification in her suit alleging that defendant Beneficial Corporation, a.k.a. Beneficial National Bank, violated the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA") and the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"), and also committed common law fraud in transactions related to its financing of Turner's purchase of a satellite dish.

The district court determined that detrimental reliance was a necessary element to each of Turner's claims and, finding no detrimental reliance, denied class certification. A panel of this Court affirmed the district court's denial of class certification on Turner's claims except for the TILA claim for actual damages. Finding itself bound by this Court's earlier ruling in Jones v. Bill Heard Chevrolet, Inc., 212 F.3d 1356, 1363 (11th Cir. 2000), that a plaintiff need not demonstrate detrimental reliance on a lender's misrepresentations in order to bring a claim for actual damages under TILA, the panel vacated the district court's denial of class certification on that claim. See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding

panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

By vote of a majority of the judges in active service, we now rehear this appeal en banc for the sole purpose of reconsidering the question of whether detrimental reliance is an element of a TILA claim for actual damages.  We find that it is, vacate the panel's ruling on that issue, and affirm the district court's denial of class certification as to all of Turner's claims.[1]

## BACKGROUND

This case arises out of Turner's purchase of a satellite dish system from Star Vision, Inc., prompted by a newspaper advertisement which indicated that monthly charges for this service would be $39.95.  The financing of the dish and the monthly service were to be provided through an agreement between Beneficial National Bank ("Beneficial") and Star Vision by way of an "Excel" credit card issued by Beneficial which could be used only to purchase goods and services from Star Vision.  When the satellite system was delivered, the invoice reflected a monthly bill of $48.36, as did the Excel bill from Beneficial.  With the Excel card, Turner had received TILA disclosure statements, but Turner alleges that these

---

[1] The panel's disposition of all other issues is unaffected by this opinion.

disclosures failed to reveal the true cost of financing the purchase of the satellite dish.[2]

Although Turner concedes that she did not read Beneficial's disclosure statements at the time of receipt and therefore did not rely on them, she claims that she is entitled to damages for Beneficial's failure to provide disclosure statements that complied with the requirements of the law under TILA. Beneficial does not dispute Turner's claim that the disclosures were improper. Instead it points out that, because Turner did not read the disclosure statements, she did not rely upon them to her detriment and thus could not have suffered actual injury as a result of Beneficial's TILA violation. The district court found that detrimental reliance is a necessary element of Turner's claim for actual damages under TILA and denied class certification on that claim. We review class certification rulings for abuse of discretion. Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1381 (11th Cir. 1998) (en banc). We review de novo the district court's conclusions of law that informed its decision to deny class certification. DeKalb County School Dist. v. Schrenko, 109 F.3d 680, 687 (11th Cir. 1997).

**DISCUSSION**

---

[2] Specifically, Turner contends that, pursuant to 15 U.S.C. § 1638, Beneficial should have disclosed: (1) the number of payments; (2) the amount of each monthly payment; (3) the amount financed; (4) the total finance charge; (5) the total of payments; and (6) the total sales price.

4

A court can certify a class only when the requirements of Rule 23(a) and at least one of the alternative requirements of Rule 23(b) are satisfied.  Jackson v. Motel 6 Mutipurpose, Inc., 130 F.3d 999, 1005 (11th Cir. 1997).   Turner maintains that all of the requirements of Rule 23(a) are satisfied[3] and that the class also satisfies Rule 23(b)(3), which requires that questions of law or fact common to all members of the class predominate over questions pertaining to individual members.  Finding that Turner's inability to prove detrimental reliance precluded her from satisfying the typicality and adequacy requirements of Rule 23(a)(3) and (4), the district court refused to certify a class on Turner's claim for actual damages under TILA.

The TILA provision governing actual damages reads:

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person in an amount equal to . . .
        (1) any actual damage sustained by such person as a
        result of the failure; . . . .

15 U.S.C. § 1640(a)(1) (1998).

---

[3] A class may be certified if the following requirements are met: (1) numerosity: the class is so numerous that joinder of all members is impracticable; (2) commonality: questions of law or fact are common to the class; (3) typicality: the representatives of the class present claims or defenses that are typical of the class; and (4) adequacy: the representatives of the class will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

In addition to allowing for actual damages, TILA provides three other remedies for violations of its provisions. First, TILA empowers the Federal Trade Commission as its overall enforcement agency, 15 U.S.C. §1607(c), and provides other federal agencies with enforcement authority over specific categories of lenders. 15 U.S.C. §1607(a). The enforcing agencies are authorized to require the creditor to "make an adjustment to the account of the person to whom credit was extended, to assure that such person will not be required to pay a finance charge in excess of the finance charge actually disclosed or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower." 15 U.S.C. § 1607(e)(1).[4] Second, TILA imposes criminal liability on persons who willfully and knowingly violate the statute. 15 U.S.C. § 1611. Finally, TILA creates a private cause of action for statutory damages, which may be assessed in addition to any actual damages awarded. 15 U.S.C. § 1640 (a)(2)(A).

As necessary, Congress has amended TILA to ensure that it provides for a fair balance of remedies. Specifically, in 1974, Congress amended TILA to permit private litigants, both as individuals and in class actions, to sue for any actual damages sustained "as a result" of a TILA violation. 15 U.S.C. § 1640(a)(1). In

---

[4] In other words, the enforcement agencies provide restitution to the victims of TILA violations, but this remedy is limited "if it would have a significantly adverse impact upon the safety or soundness of the creditor." 15 U.S.C. § 1607(e)(3)(A).

1980, Congress further amended TILA, this time capping defendants' liability for statutory damages. TILA now provides that the ceiling on statutory damages in a class action applies to all class actions arising out of the same TILA violation. Truth in Lending Simplification and Reform Act of 1980, Pub. L. No. 96-221 § 615(a)(1), 94 Stat. 132 (March 31, 1980).[5] Congress placed this ceiling on a defendant's statutory liability in a class action so that courts would no longer have to "choose between denying class actions altogether or permitting multi-million dollar recoveries against defendants for minor or technical violations." McCoy v. Salem Mortgage Co., 74 F.R.D. 8, 10 (E.D. Mich. 1976). Under this regime statutory damages provide at least a partial remedy for all material TILA violations; however, actual damages ensure that consumers who have suffered actual harm due to a lender's faulty disclosures can be fully compensated, even if the total amount of their harm exceeds the statutory ceiling on TILA damages. In this case we assume that the statutory ceiling has already been reached, and the

---

[5] Under TILA Section 1640(a)(2)(A)(i), Turner would be entitled to individual statutory damages equal to "twice the amount of any finance charge in connection with the transaction." However, as lead plaintiff in a class action, the entire range of statutory damages for the class are limited to:

> such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor; . . . .

15 U.S.C. § 1640(a)(2)(B).

7

sole issue presented is whether a plaintiff must show detrimental reliance on a faulty TILA disclosure in order to be eligible for an award of actual damages.

Most courts that have addressed the issue have held that detrimental reliance is an element in a TILA claim for actual damages. See, e.g., Perrone v. General Motors Acceptance Corp., 232 F.3d 433, 436-40 (5th Cir. 2000); Stout v. J.D. Byrider, 228 F.3d 709, 718 (6th Cir. 2000); Peters v. Jim Lupient Oldsmobile Co., 220 F.3d 915, 917 (8th Cir. 2000); Bizier v. Globe Financial Services, Inc., 654 F.2d 1, 4 (1st Cir. 1981) (dicta); Hoffman v. Grossinger Motor Corp., 1999 WL 184179, *4 (N.D. Ill. 1999); Brister v. All Star Chevrolet, 986 F. Supp. 1003, 1008 (E.D. La. 1998); McCoy, 74 F.R.D. at 12-13. This Circuit, however, has not joined the courts that have so held. Ransom v. S & S Food Center, Inc. of Florida, 700 F.2d 670, 677 (11th Cir. 1983); see also Lopez v. Orlor, 176 F.R.D. 35, 40 (D. Conn. 1997); Sutliff v. County Sav. & Loan Co., 533 F. Supp. 1307, 1313 (N.D. Ohio 1982); In re Russell, 72 B.R. 855, 857 (Bankr. E.D. Pa. 1987).

In Ransom, this Court affirmed the award of TILA actual damages to members of the plaintiff class who paid excessive finance charges but who had not alleged reliance. The plaintiff class in Ransom purchased food plans comprising a bulk food order and a service contract designated as a "Food Freezer Service Agreement" ("FFSA"). Although the FFSA provided warranties and services with

8

respect to the food purchases, it also included a finance charge assessed whether the purchase was made with cash or by credit. 700 F.2d at 671-72. The trial court awarded the plaintiffs actual damages equal to the finance charge paid by each class member in excess of the legally permissible finance charge. In addition, the district court assessed statutory damages. Id. at 677. The Ransom Court rejected the defendant's contention that the plaintiffs could not show actual damages, noting that

> the record discloses that each of the members of the class had signed contracts which were illegal but upon which they were ostensibly liable and which had not been voluntarily cancelled by the defendants prior to the trial. It was therefore clearly appropriate for the trial court to require a payment to each of the named members of the class of a cash amount that would offset their outstanding obligations which would otherwise remain collectable against them.

Id.

It thus appears that the Ransom Court upheld the awarding of actual damages without requiring a showing of detrimental reliance, although the Ransom Court did not squarely address the issue, and it is not clear from the opinion that the issue was actually raised. However, notwithstanding Ransom, the district courts in this Circuit have imposed a detrimental reliance requirement for TILA actual damages claims. See, e.g., Perry v. Household Retail Services, Inc., 180 F.R.D. 423, 433 (M.D. Ala. 1998); Barlow v. Evans, 992 F. Supp. 1299, 1310

9

(M.D. Ala. 1997); Wiley v. Earl's Pawn & Jewelry, 950 F. Supp. 1108, 1114-1117 (S.D. Ala. 1997); Adiel v. Chase Fed. Sav. & Loan, 630 F. Supp. 131, 133 (S.D. Fla. 1986), aff'd, 810 F.2d 1051 (11th Cir. 1987).  Complicating matters, this Court affirmed Adiel in Adiel v. Chase Federal Savings & Loan, 810 F.2d 1051 (11th Cir. 1987), and several district courts in this Circuit treated this Court's affirmance of the district court's decision in Adiel as calling into question the continued viability of Ransom, despite the fact that Ransom was not discussed in this Court's opinion.  See Barlow, 992 F. Supp. at 1309-10; Wiley, 950 F. Supp. at 1114-17.

Specifically, in Adiel, the plaintiff class consisted of homeowners who had adopted existing mortgages on the lots on which their homes were situated.  The loans had been executed by the builder of the homes to Chase Federal Savings and Loan Association ("Chase"), and neither Chase nor the builder provided to the homeowners the required TILA disclosures.  630 F. Supp. at 132.  The plaintiffs urged the district court to follow Ransom and to award both actual and statutory damages, as the statute permits, but the district court required each member of the class to prove that "he or she would have gotten credit on more favorable terms but for the violation."  Id. at 133 (quoting McCoy, 74 F.R.D. at 12).  The district court also quoted approvingly language from a New York state court decision in which

10

the state court required that a plaintiff claiming actual TILA damages must show "that he relied on the inaccurate disclosure and thereby was effectively prevented from obtaining better credit terms elsewhere." Id. (quoting Vickers v. Home Fed. Sav. & Loan Assoc., 62 A.D.2d 1171, 1172, 404 N.Y.S.2d 201, 202 (Sup. Ct. 1978)).

On appeal, the plaintiffs argued that the district court had erred in ruling that "to recover actual damages, each class member must show that but for the [TILA] violation, better credit on more favorable terms would have been obtained." Adiel, 810 F.2d at 1053. This Court affirmed the ruling of the district court, stating only that the district court "did not abuse its discretion in awarding statutory damages rather than actual damages." Id. at 1055. Therefore, the opinion did not address the issue of reliance. Indeed, in Adiel we only determined that the district court need not award actual damages when it has already provided a remedy through statutory damages and has taken into account, in considering the amount of statutory damages to award, the fact that no actual damages had been awarded. Id. at 1054-55.

However, in the Eleventh Circuit case most clearly relevant to the issue before us, this Court directly rejected a defendant's argument that a TILA claim for actual damages fails if the plaintiff cannot demonstrate detrimental reliance on the

defendant's misrepresentations.  <u>Jones</u>, 212 F.3d at 1363 n.7.  The defendant car dealership in <u>Jones</u> led its customers to believe that they were paying $2,495 to the General Motors Corporation for an extended service contract.  In fact only $290 went to General Motors, while the dealer kept $2,205 as an "upcharge."  <u>Id.</u> at 1358-59.  In <u>Jones</u>, this Court stated, "we reject Heard Chevrolet's contention that Plaintiff's TILA claim fails because Plaintiff cannot demonstrate reliance on its misrepresentations."  <u>Id.</u> at 1363, n.7.[6]

We now reconsider whether detrimental reliance is required for a TILA claim for actual damages.  We note that the statute provides that a plaintiff is entitled only to "any actual damages sustained . . . as a result" of a TILA violation.  15 U.S.C. § 1640(a)(1).  We find that this language indicates that the statute's authors intended that plaintiffs must demonstrate detrimental reliance in order to be

---

[6] The <u>Jones</u> Court relied on <u>Charles v. Krauss Co., Ltd.</u>, 572 F.2d 544, 546 (5th Cir. 1978), to support this proposition.  The <u>Charles</u> case is also considered part of the jurisprudence of this circuit.  <u>See</u> <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>) (indicating that the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981).  On closer examination, we find that the opinion in <u>Charles</u> does not state whether the plaintiff sought actual or statutory damages.  However, in stating that reliance is not a factor in TILA claims, the <u>Charles</u> Court cites to <u>McGowan v. King, Inc.</u>, 569 F.2d 845, 848 (5th Cir. 1978).  In <u>McGowan,</u> the Fifth Circuit notes that "[t]he basis of Section 1640(a) liability is the failure to disclose information required to be disclosed; there is no requirement that the plaintiff himself be deceived in order to sue in the public interest."  <u>Id.</u> at 849.  However, the <u>McGowan</u> Court also concludes that once such a failure to disclose is shown, "the court must award [the plaintiff] the *statutory* penalty,"and the Fifth Circuit awarded only statutory damages in that case.  <u>Id.</u> at 849-50 (emphasis added).  As shown, these cases additionally complicate the standard in the Eleventh Circuit for a TILA actual damages claim.

entitled to actual damages under TILA. The legislative history behind the 1995 amendments to TILA supports our reading of the actual damages provision. It states:

> Section 130(a) of TILA allows a consumer to recover both actual and statutory damages in connection with TILA violations. Congress provided for statutory damages because actual damages in most cases would be nonexistent or extremely difficult to prove. To recover actual damages, consumers must show that they suffered a loss because they relied on an inaccurate or incomplete disclosure.

H.R. Rep. No. 193,104, 104th Cong., 1st Sess. (1995). The legislative history emphasizes that TILA provides for statutory remedies on proof of a simple TILA violation, and requires the more difficult showing of detrimental reliance to prevail on a claim for actual damages. To the extent that Jones, and possibly Ransom, hold otherwise, they are overruled. We hold that detrimental reliance is an element of a TILA claim for actual damages, that is a plaintiff must present evidence to establish a causal link between the financing institution's noncompliance and his damages.

## CONCLUSION

For the foregoing reasons, the district court's denial of class certification on Turner's TILA claim for actual damages is

**AFFIRMED.**

13